IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PARADISE PRODUCE, INC.,<br><br>Defendant. | CIVIL ACTION NO. 06-<br><br>**COMPLAINT**<br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the bases of race and retaliation, and to provide appropriate relief to Kevin D. Batson who was adversely affected by such practices. As articulated with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Kevin D. Batson was regularly subjected to racial harassment by two co-workers and a manager, which created a racially hostile and offensive work environment for him due to his race, Black.

The Commission also alleges that because Mr. Batson complained, Defendant retaliated against him by reassigning him from his regular full-time driver position to a seasonal position, which led to his constructive discharge. As a result of the racial harassment and retaliation, Mr. Batson suffered severe emotional distress and back pay damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Delaware.

## **PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4. At all relevant times, Defendant Employer, Paradise Produce, Inc. has continuously been and is now doing business in Seaford, Delaware and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## **STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Kevin D. Batson filed a charge of employment discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February, 2005, Defendant Employer has engaged in unlawful employment practices at its Seaford, Delaware facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a) (1), by subjecting Kevin D. Batson to an abusive and hostile work

environment based on his race, Black. Two of Defendant's employees and a manager referred to Mr. Batson in racially derogatory terms on a regular basis. The unwelcome offensive conduct includes, but is not limited to, the following:

(a) Kevin D. Batson worked for Defendant Employer as a regular full-time Driver from October 11, 2004 until July 20, 2005.

(b) He worked an average of 40-55 hours per week at a rate of $10.75 per hour. He was assigned a regular driving route. His job duties included delivering produce to various local establishments. His job performance and conduct were satisfactory at all times.

(c) Beginning in early February 2005 and continuing thereafter, three of Defendant's employees, including Mr. Batson's immediate supervisor called him or referred to him as "nigger boy," "nigga," and/or "black boy" on a regular basis and in the presence of other individuals.

(d) Mr. Batson was personally offended each and every time he was called or referenced by these racially derogatory terms. Mr. Batson objected to this unwelcome conduct.

(e) Mr. Batson asked Defendant's Owner to address the situation and take corrective action and, in response, he said he would. However, the conduct continued and no corrective action was ever taken.

(f) As a direct consequence of the racially hostile work environment, and because of Defendant Employer's failure to rectify the discriminatory conduct, Kevin D. Batson has suffered emotional harm and other damages.

8. Since July 2005, Defendant Employer has engaged in unlawful employment practices at its Seaford, Delaware facility in violation of Section 704(a) of Title VII, 42 U.S.C.

§ 2000e-3(a), by subjecting Kevin D. Batson to retaliation, which caused him to be constructively discharged. The unlawful employment practices included:

(a) In July 2005, Defendant's manager informed Kevin D. Batson that his regular full-time driving route was being changed to another route, which was seasonal.

(b) As a consequence of this route change, Kevin D. Batson's regular full-time employment would become seasonal and his hours could be reduced in the wintertime.

(c) Mr. Batson expressed his resistance to this change because it did not guarantee him his regular pay and work. Defendant told him that he had no alternative but to accept this route change.

(d) This reassignment was an adverse action against Kevin D. Batson for his earlier complaints of racial harassment.

(e) Because of this reassignment and the racial harassment, Kevin D. Batson was constructively discharged from his position, effective July 20, 2005.

(f) As a direct consequence of the retaliatory treatment, Kevin D. Batson has suffered emotional harm and other damages.

9. The effect of the practices complained of in paragraphs 7 and 8 above, and its subparts, has been to deprive Kevin Batson of equal employment opportunities and otherwise to adversely affect his status as an employee because of his race, Black, and because he engaged in protected activity.

10. The acts complained of in paragraphs 7 and 8 above, and its subparts, were intentional.

11.     The unlawful employment practices complained of in paragraphs 7 and 8 above, and its subparts, were done with malice or with reckless indifference to the federally protected rights of Kevin D. Batson.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in racial harassment and retaliatory treatment, and any other employment practice which discriminates on the basis of race (Black) and retaliation.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for minorities, which provide for a harassment-free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to institute and carry out anti-discrimination and harassment policies and complaint procedures.

D.     Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

E.     Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability, imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any

incidents and/or complaints of discrimination, harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

  F. Order Defendant Employer to make Kevin D. Batson whole by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  G. Order Defendant Employer to make Kevin D. Batson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

  H. Order Defendant Employer to make Kevin D. Batson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

  I. Order Defendant Employer to pay Kevin D. Batson punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

  J. Grant such further relief as the Court deems necessary and proper in the public interest.

  K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        RONALD S. COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        */s/ Jacqueline H. McNair*
        JACQUELINE H. MCNAIR
        Regional Attorney

        */s/ Judith A. O'Boyle*
        JUDITH A. O'BOYLE
        Supervisory Trial Attorney

        */s/ Iris Santiago Flores*
        IRIS SANTIAGO FLORES
        Senior Trial Attorney

        U.S. EEOC, Philadelphia District Office
        21 S. 5th Street, Suite 400
        Philadelphia, PA 19106
        (215) 440-2684(direct)
        (215) 440-2828(fax)
        PA BAR ID No.: PA60171
        Iris.Santiago-Flores@eeoc.gov

                                      COLM F. CONNALLY
                                      United States Attorney

By:    /s/Patricia C. Hannigan
        Patricia C. Hannigan
        Assistant United States Attorney
        Delaware Bar Id. No.2145
        The Nemours Bldg.
        1007 Orange Street, Suite 700
        P. O. Box 2046
        Wilmington, DE 19899-2046
        (302) 573-6277
        Patricia.Hannigan@usdoj.gov

Dated: September 29, 2006

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
PARADISE PRODUCE, INC.

County of Residence of First Listed Defendant  Sussex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991
Brief description of cause:
racial harassment - creating a racially hostile and offensive work environment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06 - 614

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

SEP 29 2006
(Date forms issued)

(Signature of Party or their Representative)

Dustin Frohlich
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action